**AMERICAN SAMOA GOVERNMENT, Plaintiff**

**v.**

**ISAAKO LOAU aka ISAAKO TAUMALOTO, Defendant**

High Court of American Samoa
Trial Division

CR No. 29-00

June 20, 2000

Before KRUSE, Chief Justice, LOGOAI, Associate Judge, ATIULAGI, Associate Judge.

Counsel: For Plaintiff, Robert K. Maez, Assistant Attorney General
For Defendant, Bentley C. Adams III, Assistant Public Defender

## ORDER DENYING DEFENDANT'S MOTION TO DISMISS

Defendant Isaako Loau ("Loau") is charged with having committed first degree assault on or about March 25, 2000. That date is the only fact specified in the information; the remainder merely repeats verbatim the statutory language describing first degree assault found at A.S.C.A. § 46.3520(a)(1)(B). Loau seeks dismissal of this charge on the basis that the information, because it is factually insufficient, subjects him to the possibility of double jeopardy and does not permit him to adequately prepare for trial.

## Analysis

■ The American Samoa Government ("ASG") contends that the information provides a "plain, concise and definite written statement of the essential facts constituting the offense charged" as required by T.C.R.Cr.P. 7(c)(1). ASG cites *Am. Samoa Gov't v. Afamasaga*, 17 A.S.R.2d 145, 150 (Trial Div. 1990), in support of its argument that the information need only recite the statutory language of the offense. While the language it quotes from the decision seems to lend authority to this assertion, the facts of the case do not. First, the information in that case named the victim. Here, no victim is named. Assault being an offense committed against the person, it seems rather obvious that the person, i.e. the victim, should be identified in the charge. Second, the defendant in *Afamasaga* was granted a request for a bill of particulars prior to trial in which ASG was ordered to both identify the victim and the means by which defendant was alleged to have assaulted her.

Furthermore, the persuasive authority cited in *Afamasaga* all concerned indictments that alleged specific facts. For example, the extortion counts in *United States v. Williams*, 679 F.2d 504 (9th Cir. 1982), alleged specific sums and the victims from whom they were extorted. Similarly, the indictment in *Hamling v. United States*, 418 U.S. 87, 91 (1974), identified the obscene materials on which the charges were based. *Hamling* held only that each element of an offense need not be supported by specific facts in the indictment, not that the indictment need contain no facts whatsoever. *Id.* at 119.

■ Based on the above, we consider the present information to be insufficient because to hold otherwise would expose Loau to multiple prosecutions. ASG must specify the victim of the assault. Officer Lutu's affidavit states that Loau grappled with both officer Ta'afua and

143

his brother as they attempted to subdue him. This could conceivably give rise to assault charges against either person under the present information, thus exposing Loau to double jeopardy.

■ The information's vagueness with respect to the instrumentality of the assault also prejudices Loau's ability to prepare for trial. Although we can surmise from officer Lutu's affidavit that the "dangerous instrument" is a volcanic rock, failure to specify this in the information leaves ASG the freedom to substitute another instrumentality if that would better suit its purposes. We think this highly unlikely, and certainly do not intend to call into question ASG's counsel's integrity. However, we must insist that ASG include this fact in the information so as to afford Loau his right to a fair trial.

■ We agree that the information is presently insufficient, but deny dismissal. *Russell v. United States* stated, "it is a settled rule that a bill of particulars cannot save an invalid indictment." 369 U.S. 749, 770 (1972). However, the court so held because defendant had a right to have an adequately informed grand jury return the indictment and not to have the indictment effectively rewritten by the prosecutor. *Id.* In contrast, we have no grand jury issue in the present case. Furthermore, this is not a case where "at every stage in the ensuing criminal proceeding [defendant can be] met with a different theory, or no theory at all, as to [the specifics of the offense]." *Id.* at 768. Rather, we take the opportunity here, before trial, to cure the defective information. Defendant is accordingly urged to move for a bill of particulars to better define the charges. ASG will have 10 days to respond.

ASG is cautioned that it must include essential facts sufficient to notify defendants of the charges filed against them, as required by T.C.R.Cr.P. 7, or face the possibility of dismissal in the future.

### Order

Defendant's motion for dismissal is hereby denied.

It is so ordered.